█ In the Matter of JOSEPH J. BARSCZ, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— HERLIHY, J. P. Proceeding under CPLR article 78 to review a determination of the Commissioner of Motor Vehicles which suspended the petitioner's driver's license upon a finding of

operation of a motor vehicle in such a way as to evince a reckless disregard for life and property of others (Vehicle and Traffic Law, § 510, subd. 3, par. [e]). There is substantial evidence to support the finding that the petitioner "did not take the proper precautions before he started this left turn". The petitioner after making this turn and while proceeding across the two southbound lanes of Route 9 was struck by a car traveling in a southbound direction. The petitioner testified that he looked northerly before making his turn and did not see any vehicle approaching in his 500 foot line of vision and never saw the oncoming vehicle until it was about 30 feet from him as he was crossing its path. Petitioner's passenger testified that he had seen the oncoming vehicle at about four or five hundred feet distant before petitioner started his turn, but there appeared to be plenty of time to cross its path. The operator of the oncoming vehicle testified that he saw the northbound truck approaching the intersection when he was still about 200 feet from the intersection and that it was not signalling for a turn when suddenly it did start to turn. This operator was about 100 feet from the intersection when the truck started to turn and he was unable to stop prior to the collision. In *Matter of Beiter* v. *Hults* (12 A D 2d 712, 713) the court stated: "In modern traffic a left turn without adequate *observation* or *warning* is an extremely dangerous maneuver which would justify the trier of the facts in determining that it constituted gross negligence." (Emphasis supplied.) While the findings do not specify both a failure to observe and a failure to render an appropriate signal, the failure to observe the oncoming vehicle for such a distance is sufficient to warrant the conclusion of a reckless disregard for life and property. Determination confirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J. P.